IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CYNTHIA M. JOHNSON,

    Plaintiffs,

    v.                                   Civil Action No. PX-17-898

BANK OF AMERICA, N.A.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On April 3, 2017, pro se Plaintiff Cynthia M. Johnson filed suit, asserting common law claims for breach of contract and fraud against Defendant Bank of America, N.A. ("Bank of America") in connection with a pending foreclosure on Johnson's home. Johnson requests full payoff of all mortgages presently attached to the home and declaratory, compensatory, and punitive relief in the amount of $20,000,500 from Defendant. ECF Nos. 2 & 5.

Pending before the court are seven motions. On April 10, 2017, Bank of America filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. The remaining motions are responsive to a procedural irregularity that arose during the case in which the Clerk's Office of the Court misplaced Johnson's response to Bank of America's motion to dismiss, resulting in delayed docketing for almost six months. *See* ECF Nos. 18, 24, 25, 27, 28 & 29. As a result of the delay and Bank of America's representations regarding its not having received Johnson's response, Johnson requested that this Court impose various sanctions on Bank of America, to include striking its Reply. ECF Nos. 25 & 28. For the foregoing reasons, the motion to dismiss, ECF No. 14, is GRANTED. Plaintiff's motion at ECF No. 28 is

GRANTED in part and DENIED in part, and Plaintiff's motion at ECF No. 25 is DENIED. The remaining motions, ECF Nos. 18, 24, 27, & 29, are DENIED as moot.

I. Background

On April 30, 1999, Plaintiff Cynthia M. Johnson ("Johnson") and her then-husband, Reginald G. Johnson, obtained a loan for $167,000 (the "Loan") from Nationsbanc Mortgage Corporation,[1] and executed a Note in that amount. ECF No. 2-1 at 168–75. The loan was secured by a Deed of Trust in property located at 7414 Longbranch Drive, Hyattsville, Maryland 20784 ("Property"), and both Plaintiff and Reginald G. Johnson signed the Note and Deed of Trust. *Id.* Johnson alleges that around March 13, 2012, Bank of America contacted Johnson regarding a loan re-modification agreement, which Johnson signed and returned with a check for $1,007.82. Bank of America applied those funds to Plaintiff's existing mortgage. ECF No. 2 at 1. The loan re-modification agreement, attached to Johnson's Complaint, reflects several changes that Johnson made to the document, including striking through all references to Reginald G. Johnson and excising most of paragraph three of the agreement. Paragraph three reads:

> "If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument."

ECF No. 2-1 at 8–10.

Sometime thereafter, Bank of America informed Johnson that her re-modification request was denied because the agreement lacked Reginald Johnson's signature and because she had

---

[1] Nationsbanc (now NationsBank) Mortgage Corporation is affiliated with Defendant Bank of America. *See* ECF No. 13.

2

stricken through a substantive clause in the agreement. ECF No. 2 at 2. Nonetheless, over the next two years Johnson continued to send monthly checks of $1,007.82, the amount set out in the re-modification agreement. *Id.* Bank of America applied those payments to her existing mortgage, and then, according to Johnson, "persistently harassed Plaintiff" through communications related to the Loan. Some of these communications requested that Johnson submit a valid loan re-modification agreement with proper signatures. *Id.*

Beginning in January 2015, Bank of America started returning Johnson's monthly payments as insufficient and commenced foreclosure proceedings on the Property. *Id.* The parties pursued mediation unsuccessfully. Bank of America thereafter initiated a foreclosure action on the Property in the Circuit Court for Prince George's County. *Id.* at 2–4; *see also O'Sullivan v. Johnson*, Case No. CAEF16-25734.

On December 12, 2016, Johnson filed a Complaint against Bank of America in the Circuit Court for Prince George's County, Maryland, alleging common law claims for breach of contract and fraud based on the bank's failure to honor the March 2012 loan re-modification and subsequent attempts to enforce the Deed of Trust. ECF No. 2. On February 15, 2017, Johnson filed an Amended Complaint, adding the registered agent for Bank of America. ECF No. 5. Bank of America then removed the action to this Court on April 3, 2017, properly asserting diversity jurisdiction, ECF No. 11, and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on April 10, 2017, ECF No. 14.

On September 26, 2017, having received no response from Johnson to Defendant's motion to dismiss, the Court issued a Show Cause Order as to why Johnson's Complaint should not be dismissed with prejudice pursuant to 12(b)(6). ECF No. 16. Johnson then filed a lengthy opposition to the motion to dismiss and a motion stylized as a "Request to Revoke (Vacate)

3

Court's Order to Show Cause." ECF Nos. 17 & 18.  Johnson also provided the Court proof that she had filed her response timely on April 27, 2017, and sent Bank of America a copy of the response via first-class mail.  *See* ECF No. 20.  The Court confirmed with the Clerk that it had erroneously failed to docket Johnson's response and thereafter scheduled a recorded telephone conference with the parties.  On that recorded call, counsel for Bank of America represented that while he or his secretary may have received Plaintiff's filing, counsel was previously unaware that Johnson had responded to Defendant's Motion.  ECF No. 22.  The Court then allowed Johnson to address in writing what, if any, relief she should be accorded in light of Bank of America's odd representation that it was not aware of Johnson's timely response.  ECF No. 23.  Johnson filed three motions: motions for clerk's entry of default and default judgment against Defendant, ECF Nos. 24 & 25, and a motion to strike defendant's reply to her opposition to the motion to dismiss, ECF No. 28.

## II.  Standard of Review

In ruling on a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].' " *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.  " '[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

4

Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a court cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). *See also Bell v. Bank of Am., N.A.*, No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ( "Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

The Complaint also includes a claim of fraud, implicating the heightened pleading standard under Fed. R. Civ. P. 9(b). *See Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (stating that an MCPA claim that "sounds in fraud, is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)"). Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Under the rule, a plaintiff alleging claims that sound in fraud " 'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' " *Bourgeois v. Live Nation Entm't, Inc.*, 3

F. Supp. 3d 423, 435 (D. Md. 2014) (quoting *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010)).

The Court may consider documents attached to the complaint where incorporated and authentic. *See* Fed. R. Civ. P. 10(c); *see also Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir. 2006). Here, the Court will consider the 2012 loan re-modification agreement, the Note and Deed of Trust, and communications between Johnson and the Defendant regarding her mortgage payments because these documents are authentic, attached to the Complaint, and integral to Johnson's claims. "When there exists a conflict between the complaint's bare allegations and an exhibit attached to the complaint, the exhibit prevails." *See Bartlett v. Frederick County*, 246 F. App'x 201, 205 (4th Cir. 2007) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

### III. Analysis

#### a. Breach of Contract

In Maryland, breach of contract requires proof that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation. *Nyhart v. PNC Bank, N.A.*, No. PX-15-2241, 2016 WL 6996744, at *4 (D. Md. Nov. 30, 2016) (citing *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001)). Here, the parties' disagreement centers on whether the 2012 loan re-modification is a valid and enforceable contract. *See* ECF Nos. 2 at 1–2 & 14 at 6–8. Bank of America argues that the loan re-modification is not enforceable because Johnson substantially modified its terms and the agreement was not signed by all parties to the Note and Deed of Trust. ECF No. 14 at 6–7. Plaintiff, in turn, argues that Bank of America's depositing of her $1,007.82 check attached to the 2012 re-modification agreement and applying it to her mortgage balance, as well as subsequent acceptance of payments in the identical

amount, rendered the loan re-modification contract valid and enforceable. ECF No. 2 at 2–4; *see also* ECF No. 20 at 56.

The contract in question sought to amend a deed of trust concerning an interest in land and is not capable of full performance within one year; accordingly, the statute of frauds applies. *See* ECF No. 14 at 4–5; Md. Code. Ann., Cts & Jud. Proc. §5–901(3) and (2) Md. Code. Ann., Real Prop. §5-1041. Pursuant to this doctrine, a properly executed written contract is necessary for the agreement to be enforceable. *See* Md. Code. Ann., Cts & Jud. Proc. §5–901(3) and (2) Md. Code. Ann., Real Prop. §5-1041; *see also Calomiris v. Woods*, 353 Md. 425, 445 (1999); *Barry v. EMC Mortg. Corp.*, No. DKC-10-3120, 2012 WL 3595153, at *5–*6 (D. Md. Aug. 17, 2012). Contrary to Johnson's assertion, the Complaint makes plain that no valid written contract existed regarding the 2012 loan re-modification.

Under Maryland law, a validly executed written contract requires that an offer by one party is unconditionally accepted by the other "before a binding agreement is born." *International Waste Industries Corp. v. Cape Environmental Management, Inc.*, 988 F. Supp. 2d 542, 550 (D. Md. 2013) (quoting *Lemlich v. Bd. of Trs. of Hartford Cty. Coll.*, 282 Md. 495, 502 (1978)). Where, as here "there is conditional acceptance or a counteroffer," the parties have not entered into a binding contract. *Id.* at 550–51 (quoting *L & L Corp. v. Ammendale Normal Inst.*, 248 Md. 380, 384 (1968)). Johnson did not accept the written 2012 loan re-modification agreement as presented. Rather, she excised substantive portions, and in so doing, communicated a counteroffer to Bank of America. *See Post v. Gillespie*, 219 Md. 378, 396 (1959) ("[T]he acceptance of the offer coupled with the modification of its terms could not and did not constitute a final and complete expression of the agreement between the parties."); *see also Montage Furniture Services, LLC v. Regency Furniture, Inc.*, 966 F. Supp. 2d 519, 524 (D.

Md. 2013). Additionally, Johnson does not dispute that Bank of America "informed Plaintiff that her re-modification was denied because she had scratched through information on the agreement," and that Defendant repeatedly requested over the next two years that she submit a validity executed re-modification agreement. ECF No. 2 at 2; ECF No. 20 at 5–6.

Instead, Johnson contends that Bank of America accepted her counteroffer by applying the checks to her mortgage, which gave her the "right to rely on Bank of America to act honestly with respect to the re-modified agreement." ECF No. 20 at 9. "Acceptance may be manifested by acts as well as by words," *Cochran v. Norkunas*, 398 Md. 1, 23 (2007), and where a party's conduct is "sufficient to manifest acceptance to the terms of a written contract," the party is bound to that contract. *Developers Surety & Indemnity Co. v. Belcher*, No. SAG-16-1124, 2017 WL 896861, at *5 (quoting *Porter v. Gen. Boiler Casing Co., Inc.*, 284 Md. 402, 410–411 (1979)). "[C]ommon to all manifestations of acceptance is a demonstration that the parties had an actual meeting of the minds regarding contract formation." *Cochran*, 398 Md. at 23.

Here, Bank of America's purported acceptance of Johnson's counteroffer is belied by the factual allegations of her Complaint. Johnson incorporates into her Complaint correspondence which plainly shows that Bank of America repeatedly informed her that it would not accept the altered 2012 loan re-modification.[2] *See* ECF Nos. 2 at 2 & 20 at 6. Further, under the existing loan's terms, Bank of America was permitted to accept amounts less than the "full periodic payments" and apply them to any "Unapplied Funds" balance. *See* ECF No. 2 at 51, 168–75. That is what Bank of America did here. Accordingly, even accepting all facts in the Complaint

---

[2] Letters sent from Defendant to Johnson, and attached by Plaintiff to her Complaint and opposition to the motion to dismiss, also plainly state that Bank of America "recently received your payment in the amount of $1,007.82 . . . [a]ccording to the terms of your loan agreement, only full periodic payments will be applied to your loan when any payments are due. We credited the $1,007.82 to the Unapplied Funds balance on your loan . . . [t]he total monthly payment for your home loan is $1,462.78." *See, e.g.* ECF No. 2-1 at 51. Many of the letters also state that "[b]y accepting and applying an amount less than the amount owed, we have not waived any of our rights under the terms of the loan documents. Future payments may be returned if the payments are less than the total amount owed." *See, e.g.* ECF No. 20-5 at 15.

8

as true, the 2012 loan re-modification did not constitute a valid, enforceable contract. Bank of America cannot, as a matter of law, "breach" a contract that did not exist. Thus, Count I must be dismissed.

   b. **Fraud**

Johnson's fraud claim is likewise untenable. To assert fraud under Maryland law, a plaintiff must establish that: (1) the defendant made a false representation; (2) the falsity of the representation was either known to defendant or made with reckless indifference as to its truth; (3) the misrepresentation was made for the purpose of defrauding plaintiff; (4) plaintiff relied on the misrepresentation and had the right to rely on it; and (5) plaintiff suffered compensable injury resulting from the misrepresentation. *Moscarillo v. Prof'l Risk Mgmnt. Services, Inc.*, 398 Md. 529, 544 (2007).

Johnson principally contends that Bank of America's urgings to enter into a valid loan modification constitute fraud. ECF No. 2 at 4 ("Defendant, knowing it is breach of the agreement, fraudulently continues to harass and bully Plaintiff to enter into another loan modification via sending bogus letters through the U.S. mail and threatening foreclosure.") *See also* ECF No. 20 at 15. However, because the 2012 loan re-modification was not a valid contract, any subsequent representations regarding possible re-negotiation and Bank of America's pursuit of foreclosure proceedings cannot be false. *Supra*; *see also* ECF No. 2 at 4. Accordingly, Johnson's fraud claim (Count II) must fail.

**IV. Johnson's motions for relief**

Johnson has also moved to strike Defendant's reply, ECF No. 28, and for default judgment in her favor, ECF No. 25. Johnson asserts that her requested relief is warranted because counsel for Bank of America:

> "[C]arelessly overlooked his responsibility to keep abreast of the status of this case or Defendant's counsel did in fact have knowledge that Plaintiff's Opposition had been filed and intended to stall the progress of the litigation. Defendant's counsel is a knowledgeable and skilled attorney with an administrative assistant, paralegal(s) and backed by a reputable law firm. Consequently, there is no justifiable reason for Defendant not filing a timely response to Plaintiff's Opposition."

ECF No. 26 at 3–4. Plaintiff also correctly notes that during the October, 24, 2017 telephone conference, the Court asked Bank of America's counsel if he had received Johnson's response, to which he initially replied "no" but then switched course, asserting that he likely received it but did not read it. ECF No. 25 at 2. After Johnson's motion for entry of default, Bank of America elaborated somewhat, explaining that counsel's administrative policy requires that "documents received via mail in paper format be converted to PDF and circulated internally" and "[p]hysical copies of documents are not typically circulated or reviewed." ECF No. 26 at 3. Counsel further confirmed that "a hard copy of Plaintiff's Opposition was indeed received on May 1, 2017," but was not internally circulated because of a miscommunication between counsel and his administrative assistant. *Id.* at 3–4.

Mindful that Johnson is proceeding *pro se*, the Court finds that Johnson's motions are best construed as requests for sanctions. Here, the Court believes striking Bank of America's reply properly addresses Bank of America's deficiencies. The Court is indeed troubled by counsel's shifting responses, particularly in light of the outstanding show cause order. More precisely, if counsel's firm received the response but counsel had not yet read it, then the show cause order should have prompted a diligent investigation to locate the response and inform the court accordingly either in writing or during the status call. This counsel did not do. Only after the

Court pressed the matter during the status call counsel provide equivocal and, to some extent, inconsistent responses. It seems in fairness that Bank of America should not be permitted to reply under these curious circumstances. ECF No. 21. *See* Fed. R. Civ. P. 11(c)(4). It bears noting, however, that the Court's analysis on the legal sufficiency of the Complaint without the benefit of Bank of America's reply nonetheless remains unchanged.

Plaintiff also sought default judgment in her favor as a sanction for Bank of America's failure to timely indicate whether it had received her initial response. ECF No. 25. The Court denies this requested sanction because it is disproportionately severe and unwarranted, especially in light of the Court's granting Bank of America's motion to dismiss. The remaining motions at ECF Nos. 18, 24, 25, 27 and 29 are denied as moot.

## V. Conclusion

For the reasons stated in the foregoing Memorandum Opinion, it is this 13th day of February, 2018, ORDERED by the United States District Court for the District of Maryland that:

1. Plaintiff CYNTHIA M. JOHNSON's Motion to Strike Defendant's Reply to Response Motion to Dismiss, ECF No. 28, is GRANTED in part and DENIED as to the Motion to Partially Strike Defendant's Response in Opposition to Plaintiff's Request for Entry of Default;

2. Plaintiff CYNTHIA M. JOHNSON's Motion for Default Judgment, ECF No. 25. is DENIED.

2. Defendant BANK OF AMERICA, N.A.'s Motion to Dismiss, ECF No. 14, is GRANTED and Plaintiff CYNTHIA M. JOHNSON's Complaint, ECF Nos. 2 & 5, is DISMISSED;

3. The motions at ECF Nos. 18, 24, 27 and 29 are DENIED as moot;

4. The Clerk shall transmit copies of this Memorandum Opinion and Order to the parties and CLOSE this case.

 2/13/2018                                       /s/
Date                                             Paula Xinis
                                                 United States District Judge